**ORIGINAL**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401 (k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,**

Plaintiffs,

vs.

**Security Services Corporation,**

Defendant.

Civil No. 01-CV-988 ADM/AJB

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter was heard before the undersigned on the 16th day of November, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on June 4, 2001, seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Security Services Corporation was served with a Summons and Complaint in this matter on June 5, 2001.

FILED 11-20-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 11-20-01
DEPUTY CLERK

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

6. Defendant failed to timely produce reports and contributions for the period November, 2000 through October, 2001.

7. The bargaining agreement provides that Defendant pay liquidated damages of $100 per month, for contributions paid after the end of the month in which they were due.

8. Defendant failed to produce reports and contributions for the period of November, 2000 through October, 2001.

9. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must produce the fringe fund report and contributions for November, 2000 through October, 2001

3. Defendant owes $100 per month in liquidated damages.

4. Defendants owe attorneys' fees and costs in an amount to be determined upon affidavit and application of Plaintiff's counsel.

**ORDER**

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce fringe fund reports and contributions for November, 2000 through October, 2001 and all subsequent months as they become due after the date of this order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 16, 2001

BY THE COURT

Ann D. Montgomery
Judge of District Court