**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

IBEW NO. 292 HEALTH CARE PLAN,
ELECTRICAL WORKERS LOCAL NO. 292
PENSION FUND, ELECTRICAL WORKERS
LOCAL NO. 292 ANNUITY & 401(K) FUND,
ELECTRICAL WORKERS LOCAL NO. 292
VACATION & HOLIDAY FUND, MINNEAPOLIS
ELECTRICAL INDUSTRY BOARD/JATC/LMCC,

Plaintiffs,

Civil No. 01-0988 ADM/AJB

v.

**REPORT AND RECOMMENDATION**

SECURITY SERVICES CORPORATION,

Defendant.

---

## I. FACTUAL SUMMARY

In an Order dated November 16, 2001, District Judge Ann D. Montgomery issued a Default Judgment in the above-entitled matter. Therein, Defendant was ordered to produce fringe fund reports and contributions for November, 2000 through October, 2001 and for all subsequent months as they became due. By affidavit, dated May 31, 2002, counsel for Plaintiffs informed the Court that Defendant had failed to comply with the November 16, 2001 Order. On June 3, 2002, the undersigned issued and Order, wherein Defendant was ordered to appear and show cause why it should not be held in contempt.

On July 2, 2002, a hearing was held at 638 U.S. Federal Courthouse, 316 North Robert Street, St. Paul, MN 55101. Plaintiffs were represented by Pamela H. Nissen, MCGRANN SHEA ANDERSON CARNIVAL STRAUGHN & LAMB, Minneapolis, MN. Greg LaNasa, Owner and

JUL 2 2 200?
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

President of Defendant Security Services Corporation, appeared on behalf of Defendant. Mr. LaNasa was asked to explain why Defendant had not complied with the Court's November 16, 2001 Order. Mr. LaNasa claimed that he had been working to comply with the Court's Order, but that personal issues had been consuming his time.

The Court continued the hearing because Mr. LaNasa indicated that he intended to meet with the Union on the following day (July 3, 2002) to clean up the outstanding obligations under the November 16, 2001 Order. Now, by affidavit dated July 15, 2002, Plaintiffs' counsel has informed the Court that, although Mr. LaNasa appeared on July 3, 2002 at the offices of IBEW Local 292, he only provided records through November 2001 and did not submit any payment for the contribution amounts due.

## II. DISCUSSION

A party moving for contempt sanctions bears the initial burden of proving, by clear and convincing evidence, that a court order has been violated. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). The undersigned concludes that Plaintiffs have met this burden. Therefore, the burden shifts to the Defendant to show an inability to comply. Id. Defendant has failed to do so. Mr. LaNasa's explanations regarding noncompliance were vague and unsubstantial. The Court concludes that Defendant was able to comply with the November 16, 2001 Order, but did not do so.

Moreover, Defendant showed particular insolence upon being called before the Court to provide an explanation for its noncompliance. At the hearing, Mr. LaNasa assured the Court that he would show up on July 3, 2002 and clean up the outstanding obligations under the November 16, 2001 Order. In an abundance of patience, the Court continued the hearing and in doing so,

gave Defendant one last chance to demonstrate a good faith effort to comply with the November 16, 2001 Order. Showing utter disrespect for this Court's indulgence, and in the face of impending sanctions, Mr. LaNasa still failed to comply.

Therefore, IT IS HEREBY RECOMMENDED THAT

1. Defendant Security Services Corporation and its Owner and President, Mr. Greg LaNasa, be held in contempt of this Court.[1]

Dated: July 22, 2002

Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a *de novo* determination of those portions to which objection is made.

AJB

[1]Although the November 16, 2001 Order did not specifically reference Greg LaNasa, he may be held in contempt of that Order, as he is the Owner and President of Security Services Corporation. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 507 (8th Cir. 2000).