ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No.: 01-0988 ADM/AJB

IBEW NO. 292 HEALTH CARE PLAN, ELECTRICAL WORKERS LOCAL NO. 292 PENSION FUND, ELECTRICAL WORKERS LOCAL NO. 292 ANNUITY & 401(k) FUND, ELECTRICAL WORKERS LOCAL NO. 292 VACATION & HOLIDAY FUND, MINNEAPOLIS ELECTRICAL INDUSTRY BOARD/JATC/LMCC,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF MONEY JUDGMENT**

SECURITY SERVICES CORPORATION,

Defendant.

This matter was heard before the undersigned on the 29th day of April, 2003. Kathleen M. Brennan of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance of counsel on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on June 4, 2001. The Defendant defaulted, and Judgment was entered by this Court in an order dated November 16, 2001 and filed on November 20, 2001. This Order required the Defendant to submit reports to the Plaintiffs, and to pay all amounts due for fringe benefit contributions, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs.

FILED 4·29·03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 4·29·03
DEPUTY CLERK

2. Defendant refused to comply with that Order, and Plaintiffs took action to enforce the Order. An Order to Show Cause was issued on June 3, 2002 and, after a continuance for the parties to discuss settlement, a hearing was held on July 2, 2002. In a report and recommendation dated July 22, 2002, the Magistrate Judge recommended that the Defendant and its owner and president be held in contempt of court. In an order dated April 16, 2002, the Court ordered the Defendant and its owner and president held in contempt of court. In an Order dated November 15, 2002, the Court ordered that a warrant be issued for the arrest of Greg LaNasa for failure to comply with the Court's orders.

3. Defendant ultimately remitted reports to the Plaintiffs for the period of November 2000 through November 2002 but the reports were not timely submitted.

4. Defendant submitted one payment in the total amount of $2,000 for December 2002 health care contributions and November 2002 annuity/JATC contributions and dues. This payment was made after the end of the month in which it was due.

5. The amount determined to be due for fringe benefit contributions is $31,479.19, which includes $10,352.19 in annuity/JATC contributions for the period of November 2000 through October 2002, and $21,127 owing in health care contributions for the period November 2000 through March 2003 (excluding the payment made for December 2002). The amount due for liquidated damages for the period of November 2000 through February 2003 $2,700.

6. Plaintiffs have incurred $7066.25 in attorneys' fees and $578.02 in costs. Those fees and costs were reasonable and necessary under the circumstances, in order for the Plaintiffs to obtain the relief sought in the complaint.

## CONCLUSIONS OF LAW

1. Per the terms of this Court's previous Order filed November 20, 2001, Defendant is in default, and Plaintiffs are entitled to a money judgment.

2. Defendant is liable to the Plaintiffs in the amount of $31,479.19 for fringe benefit contributions and $2,700 for liquidated damages.

3. Defendant is liable to the Plaintiffs in the amount of $7,644.27 for attorneys' fees and costs.

4. Defendant must produce the payroll reports for December 2002 through February 2003, and such additional reports as they become due, to the Plaintiffs.

## ORDER

**IT IS HEREBY ORDERED**:

1. That Plaintiffs' motion for entry of a money judgment is granted.

2. That Plaintiffs shall have judgment against Defendant in the amount of $41,823.46

3. That Defendant shall produce the payroll reports for December 2002 through February 2003, and all reports owing as of the date of this order, within ten days of service of this order.

4. That upon the filing of the reports for the months of December 2002 through February 2003, and all reports owing as of the date of this Order, by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment

in the amount of unpaid contributions, liquidated damages, reasonable attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

Dated: April 29, 2003

BY THE COURT

The Honorable Ann D. Montgomery
United States District Court Judge